# IN THE COURT OF APPEALS OF IOWA

No. 22-1491
Filed November 21, 2023

**WENDY DISHMAN,**
    Plaintiff-Appellee,

**vs.**

**STATE OF IOWA,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Polk County, David Porter, Judge.

The State of Iowa seeks interlocutory review following the district court's denial of its motion for summary judgment. **REVERSED AND REMANDED.**

Brenna Bird, Attorney General, and Samuel P. Langholz (until withdrawal) and Job Mukkada, Assistant Attorneys General, for appellant State.

Matthew S. Brick and Michael W. Heilman of Brick Gentry, P.C., West Des Moines, for appellee.

Heard by Greer, P.J., and Ahlers and Buller, JJ. Langholz, J., takes no part.

**AHLERS, Judge.**

The facts related to the issues in this appeal are largely undisputed. Wendy Dishman worked for the Iowa Department of Inspections and Appeals. Her job duties included directing work related to investigating alleged fraud in Iowa's public assistance program and Medicaid fraud by health-care providers. Dishman's employment was terminated in 2015. She sought new employment in the Medicaid industry. Dishman received and accepted a job offer from Truven Health Analytics (Truven) in May 2016. Around the time Dishman applied for the job, Truven was in the process of taking over the Iowa Medicaid Enterprises Program Integrity contract. Truven's contract with the State gave the State authority to determine whether to approve Truven's hiring of key personnel. Initially the State approved Dishman's hiring at Truven. But after Dishman had completed some of the on-boarding, the State informed Truven it no longer approved Dishman's hiring. As a result, Dishman was not hired by Truven.

Dishman brought this action against the State of Iowa; individual state employees, Rod Roberts, Charles Palmer, Mikki Stier, and Donald Gookin; and a state contractor, Thomas Mologiannes. Her second amended petition asserted four claims. Count I asserted a claim for intentional interference with contractual relations. Count II asserted a claim for intentional interference with a prospective contractual or business relationship. Count III asserted a claim for blacklisting in violation of Iowa Code chapter 730 (2018). Count IV asserted a claim for violation of her procedural and substantive due process rights guaranteed by article I, section 9 of the Iowa Constitution.

The defendants filed a pre-answer motion to dismiss. They argued Dishman's claims in counts I through III were barred by sovereign immunity under Iowa Code section 669.14(4), a section of the Iowa Tort Claims Act, and argued count IV should be dismissed because it failed to state a claim upon which relief could be granted.

The district court granted the defendants' motion in part and denied it in part. It granted the motion regarding counts I and III against the State, but it denied the motion regarding those counts against the individually named defendants, finding there was a question whether the individual defendants acted within the scope of their employment. As to count II, the district court dismissed the claim in its entirety because it concluded the claim was barred by sovereign immunity under section 669.14(4) with respect to all defendants due to Dishman's allegation that the named defendants' allegedly tortious conduct was done within the scope of their employment. As to count IV, the court denied the motion to dismiss, concluding it was a claim on which relief could be granted. For those scoring at home, the result of the ruling on the motion to dismiss was that counts I and III remained against the individual defendants and count IV remained against all defendants. All other claims were dismissed.

Following the court's ruling on the motion to dismiss, State employees Rod Roberts, Charles Palmer, Mikki Stier, and Donald Gookin filed a motion pursuant to Iowa Code section 669.5(2) seeking to substitute the State as the named defendant and remove themselves as named parties. At the same time, the Iowa Attorney General's Office filed a notification of certification of scope of employment,

in accordance with section 669.5(2)(a),[1] certifying that Rod Roberts, Charles Palmer, Mikki Stier, and Donald Gookin were acting within the scope of their employment at all relevant times and conceding the State must be substituted for those named defendants. Dishman did not challenge the certification or the substitution of parties. The district court granted the motion to substitute, effectively dismissing the individual defendants from the suit and replacing them with the State.[2]

The State moved for summary judgment on the remaining claims. Dishman resisted. The district court denied the motion for summary judgment, reasoning fact questions remained as to the individuals' personal motivations for their conduct. The State applied for interlocutory appeal. The supreme court granted the application and transferred the case to this court.

## I.      Standard of Review

We review summary judgment rulings for legal error. *Garrison v. New Fashion Pork LLP*, 977 N.W.2d 67, 76 (Iowa 2022). In doing so, we "(1) view the facts in the light most favorable to the nonmoving party, and (2) consider on behalf of the nonmoving party every legitimate inference reasonably deduced from the

---

[1] Section 669.5(2)(a) provides,

> Upon certification by the attorney general that a defendant in a suit was an employee of the state acting within the scope of the employee's office or employment at the time of the incident upon which the claim is based, the suit commenced upon the claim shall be deemed to be an action against the state under the provisions of this chapter, and if the state is not already a defendant, the state shall be substituted as the defendant in place of the employee.

[2] The individual defendants to whom we refer are the State-employed individual defendants. Contractor Thomas Mologiannes was also named a defendant. He was not subject to the substitution order because he is not a State employee. He is not involved in this appeal.

record." *Id.* (citation omitted). Summary judgment is only proper when there is no issue of material fact "and the moving party is entitled to judgment as a matter of law." *Id.* (citation omitted).

## II.    Analysis

We start by addressing the district court's ruling on count I (intentional inference with contractual relations) and count III (blacklisting). During oral argument, Dishman conceded that summary judgment should have been granted on those counts. We agree. *See* Iowa Code § 669.14(4) (recognizing the State retains sovereign immunity against claims relating to interference of contract rights). We reverse the district court's denial of the State's motion for summary judgment on those counts.

The only remaining claim is count IV, seeking damages for alleged violations of Dishman's procedural and substantive due process rights guaranteed by article I, section 9 of the Iowa Constitution—known as a constitutional tort claim or *Godfrey* claim. *Godfrey v. State* created a standalone cause of action for money damages for violations of the Iowa Constitution. 898 N.W.2d 844, 874–80 (Iowa 2017). Our supreme court recently overruled *Godfrey* and expressly stated "we no longer recognize a standalone cause of action for money damages under the Iowa Constitution unless authorized by the common law, an Iowa statute, or the express terms of a provision of the Iowa Constitution." *Burnett v. Smith*, 990 N.W.2d 289, 307 (Iowa 2023). Shortly thereafter, our supreme court explicitly stated, "[D]irect claims for damages under . . . article I, section 9 of the Iowa Constitution . . . are not available." *Venckus v. City of Iowa City*, 990 N.W.2d 800, 812 (Iowa 2023).

The holdings in *Burnett* and *Venckus* seem to foreclose Dishman's claim. But Dishman argues otherwise. Although she acknowledges that *Burnett* forecloses pursuing her *Godfrey* claims after *Burnett* was filed, she contends her action was on file before *Burnett* was decided and there remains a question whether *Burnett* applies retroactively. So, she argues, she is entitled to litigate the retroactivity question, and as a result, the district court properly denied summary judgment on her *Godfrey* claims.

We disagree with Dishman that the question of retroactive application of *Burnett* remains unanswered. One week after *Burnett* was decided, the supreme court issued its ruling in *Venckus*. Like this case, *Venckus* involved a *Godfrey* claim filed before *Burnett* was decided. *See* 990 N.W.2d at 806–07 (describing the procedural history of the case). Even though Venckus's claim had been on file before *Burnett* was decided, the supreme court summarily affirmed the dismissal of Venckus's *Godfrey* claims, noting such claims "are not available" after *Burnett*. *Id.* at 812. One week after *Venckus*, the supreme court filed *Carter v. State*. No. 21-0909, 2023 WL 3397451, at *1 (Iowa May 12, 2023) (per curiam). As in *Venckus* and this case, Carter's *Godfrey* claims were on file before *Burnett* was decided. *Id.* Nevertheless, the supreme court affirmed the dismissal of Carter's claims. *Id.* In doing so, it noted that *Burnett* overruled *Godfrey* because it was "demonstrably erroneous and unworkable in practice" and noted "Carter's constitutional torts claims therefore cannot proceed." *Id.*

We conclude that *Venckus* and *Carter* answer the retroactivity question raised by Dishman. Both cases affirmed the dismissal of *Godfrey* claims despite the fact they were on file before *Burnett* was decided because "such claims are not

available." *Venckus*, 990 N.W.2d at 812. Applying the holdings in *Burnett*, *Venckus*, and *Carter*, we conclude Iowa no longer recognizes *Godfrey* constitutional tort claims, whether on file before *Burnett* or not, so the district court erred in denying the State's motion for summary judgment on such claims. In reaching this conclusion, we mean no criticism of the district court, as the district court did not have the benefit of *Burnett*, *Venckus*, and *Carter* when it ruled on the motion for summary judgment.

## III.    Conclusion

The district court erred in denying the State's motion for summary judgment. We reverse and remand for entry of an order granting summary judgment in favor of the State on all remaining counts.

**REVERSED AND REMANDED.**